UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

       v.                              CASE NO.: 8:01-cr-150-T-24MAP

WILFREDO VASQUEZ
_____/

## ORDER

This case is before the Court on Defendant Wilfredo Vasquez's ("Defendant") construed Motion to Vacate his remaining sentence (Doc. 18), the Government's response in opposition (Doc. 21), Defendant's Motion in Support of Presidential Clemency (Doc. 22), and the Government's response in opposition (Doc. 23). After due consideration, the Court concludes Defendant's motions should be denied.

**I. Background**

Defendant was on supervised release in the Eastern District of New York. He violated his supervised release, and the violation was transferred to the Middle District of Florida because he had another pending case here. The Violation of Supervision ("VOP") case, Case No.: 8:01-cr-150-T-24MAP, was assigned to the undersigned judge. Defendant's other case, Case No.: 8:01-cr-122-T-17MAP, was assigned to another judge, Judge Kovachevich. In case 01-cr-122, Defendant was convicted by a jury and sentenced to life imprisonment on February 19, 2002. After that sentencing, he admitted to violating his supervised release and was sentenced to 27 months consecutive in case 01-cr-150 (the VOP) by the undersigned.

**II. Discussion**

On October 6, 2016, President Obama commuted Defendant's sentence. The wording on the commutation states: "I further commute the total sentence imposed on Wilfredo Vasquez to a term of 240 months imprisonment leaving in tact and in effect all other components of the sentence." According to Defendant, and the Bureau of Prisons' ("BOP") "Sentencing Monitoring Computation Data" he attached to his motion, the BOP has interpreted the clemency as applying only to case 01-cr-122 and not to 01-cr-150 (the VOP). The BOP records reflect the originally imposed sentence of "life" in 01-cr-122 changed to "213 months, 2 days" and the basis for change "executive clemency." However, the BOP records reflect the sentence of 27 months in case 01-cr-150 (the VOP) remains unchanged at 27 months and with a projected release date of August 23, 2018.

Defendant in a pro-se motion (Doc. 18) states that he understood that President Obama's executive clemency covered both the life sentence plus the additional 27 months. In a second motion,[1] Defendant argues the Presidential Clemency applies to the sentences in both cases, and he requests an order terminating any further incarceration. The Government opposes both motions and argues that the sentence in case 01-cr-122 was the subject of the grant of clemency, and Defendant's sentence in case 01-cr-150 (the VOP) remains in tact. The Government is correct.

---

[1]The Court appointed counsel for Defendant, and the second motion, "Motion in Support of Presidential Clemency," was filed by the Federal Public Defender on behalf of Defendant.

Defendant's Petition for Commutation of Sentence, filed by counsel and signed by Defendant, dated March 29, 2016, refers only to the convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute five kilograms of cocaine for which he was sentenced to imprisonment for life on February 19, 2002, (case 01-cr-122). Neither the Petition for Clemency nor the Memorandum in Support of Petition for Clemency mention the VOP case, 01-cr-150. Therefore, the President's commutation of the life sentence of imprisonment was only as to case 01-cr-122 and did not alter Defendant's consecutive 27-month sentence on case 01-cr-150, the violation of supervised release.

Accordingly, Defendant's motions (Docs. 18 and 22) are DENIED.

**DONE AND ORDERED** at Tampa, Florida, on July 10, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Wilfredo Vasquez, 17042-054
FPC Butner